IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY KENDELL JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-07-555-R |
| | ) |
| JUSTIN JONES, Director, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Before the Court is the Report and Recommendation of the Magistrate Judge entered November 21, 2007 [Doc. No. 26]. Also before the Court is Petitioner's Objection to the Report and Recommendation filed February 13, 2008 [Doc. No. 35]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation, *de novo* in light of Petitioner's Objection.

Petitioner initially objects to the deference the Magistrate Judge accorded the adjudication by the Oklahoma Court of Criminal Appeals (OCCA) of certain of Petitioner's claims on direct appeal. Petitioner states that "[t]he OCCA failure to address Merit[s] of Petitioner's Constitutional Claims is not entitled to the deference accorded by the Magistrate." Objection at p. 2.

If a state court did not decide a federal claim on the merits and the claim is not otherwise procedurally barred, a federal court addresses the claim *de novo* and deference under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) does not apply. *Harris v. Poppell*, 411 F.3d 1189, 1195 (10th Cir. 2005). However, as the Magistrate Judge correctly

observed, "[w]here 'there is no indication suggesting that the state court did *not* reach the merits of the claim,'" a federal court treats the state court decision on the claim as on the merits and defers to the state court's result. *Harris v. Poppell*, 411 F.3d at 1195, *quoting Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). *See Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir. 1999). Although the OCCA discussed only one of Petitioner's claims, it stated that the "remaining propositions of error [were] denied." OCC Opinion at pp. 1-6. Therefore, the Court cannot say that the OCCA did not reach the merits of all of Petitioner's claims. Thus, the Magistrate Judge did not err in according deference to the decision of the OCCA on all of Petitioner's claims.

Petitioner next asserts that the OCCA's adjudication of Petitioner's claim that there was insufficient evidence to convict Petitioner of murder in the first degree involved an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In particular, he asserts that the Magistrate Judge erred by determining that Petitioner could have been guilty of first degree murder regardless of who had struck the fatal blow and in finding that the jury could have attributed the victim's death to Petitioner's part in the assault. Additionally, Petitioner asserts that there was insufficient evidence to support a finding that Petitioner intended to cause the death of another. He states that neither the OCCA nor the Magistrate Judge addressed the element of intent.

Sufficiency of the evidence is a mixed question of law and fact. Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006), *cert. denied*, ___ U.S ___, 127 S.Ct. 1819, 167 L.Ed. 2d 328 (2007). Considering the evidence presented at trial, the elements of first degree murder under Oklahoma law, *see* Okla. Stat. tit. 21, § 701.7(A); OUJI-CR-4-61, and the *Jackson v.*

*Virginia* standard for determining the sufficiency of the evidence, the Court cannot say that the OCCA's denial of Petitioner's claim on appeal that the evidence was insufficient involved an unreasonable application of clearly established federal law to the evidence presented at trial. As explained by the Magistrate Judge, reasonable jurors could have found that Mr. Johnson participated in the first beating and that the victim's death resulted from the first beating and/or that Mr. Johnson participated in the second beating and that the victim's injuries resulted from the second beating or that the victim's death resulted from a combination of the injuries inflicted in both attacks. The jury could have reasonably found that Mr. Johnson aided in causing or participated in unlawfully causing the death of another. Petitioner is correct that neither the OCCA nor the Magistrate Judge addressed intent. However, the intent required for a conviction of first degree murder – malice aforethought, that is, the deliberate intention to take away the life of another "is manifested by external circumstances capable of proof." Okla. Stat. tit. 21, § 701.7(A)(2004 Supp.) This means that "a jury is permitted to draw inferences of subjective intent from a defendant's objective acts." *Wingfield v. Masie*, 122 F.3d 1329, 1333 (10th Cir. 1997). The intent may be formed instantly before committing the act by which death is effected, *see* Okla. Stat. tit. 21, § 703, and the design to effect death is inferred from the fact of killing unless the circumstances raise a reasonable doubt as to whether such a design existed. Okla. Stat. tit. 21, § 702. The jury could have reasonable inferred from evidence of Mr. Johnson's and others acts and the fact of the death of the victim that Mr. Johnson had the subjective intent to unlawfully and deliberately cause the death of Mr. Perry. The Court cannot say that the result reached by the OCCA involved an unreasonable determination of the facts in light of the evidence

presented at trial, 28 U.S.C. § 254(d)(2), or an unreasonable application of clearly established Supreme Court precedent, *see* 28 U.S.C. § 254(d)(1). This is so because the Court cannot say no rational trier of fact could have found the essential elements of murder in the first degree beyond a reasonable doubt when the evidence is viewed in a light most favorable to the prosecution. *See Jackson v. Virginia*, 43 U.S. 307, 319, ___ S.Ct. ___, ___ L.Ed.2d ___ (1979).

Next, Petitioner asserts that the OCCA's adjudication of his claim that he was denied his rights under the Confrontation Clause involved an unreasonable application of federal law as determined by the United States Supreme Court. According to Petitioner, the Magistrate Judge's interpretation of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) is an unreasonable application of clearly established Supreme Court precedent. Petitioner further states that the State provided no evidence of the unavailability of witness Dewan Debose or of the State's due diligence to locate him before a transcript of Debose' preliminary hearing testimony was read at trial. Petitioner states that his counsel lacked information at the time of the preliminary hearing – that Debose allegedly told police during an interview that another man, not Mr. Johnson, had approached the victim during the second attack and had knocked the victim's head against concrete – which Petitioner asserts exonerated Petitioner and was not made available by the prosecution. Thus, Petitioner asserts that he was "denied reasonable effective cross examination of the Prosecutions [sic] key piece of evidence linking Petitioner to the victim's death." Objection at pp. 5-6.

The Magistrate Judge did not mention, much less misinterpret, the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004),

4

as Petitioner suggests. In *Crawford*, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment demands that testimonial evidence be admitted only where the witness is unavailable and there was a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. at 68, 124 S.Ct. at __, 153 L.Ed.2d at 203. The Magistrate Judge's analysis of Petitiontier's Confrontation Clause claim and the result reached by the OCCA are not contrary to this or prior Supreme Court precedent or an unreasonable application thereof. Petitioner effectively conceded at trial the unavailability of the witness. In his argument to the OCCA, Petitioner did not argue that the witness had not been shown to be unavailable. Rather, he argued that he had been denied a prior opportunity for effective cross-examination because his former counsel did not have access at the time of the preliminary hearing to the witness' statements during a police interview which identified another person as the assailant in the second attack. Likewise, Petitioner did not argue before the Magistrate Judge that the witness whose preliminary hearing testimony was read at trial was was not shown to be unavailable at trial. Therefore, the Court does not consider Petitioner's argument to this effect now in considering whether the Magistrate Judge erred or the OCC's result was contrary to or involved an unreasonable application of federal law.

      The Magistrate Judge correctly concluded that Petitioner's counsel had a prior opportunity to cross-examine Dewan Debose that was adequate to satisfy the Confrontation Clause under existing Supreme Court authority, citing the plurality decision of the United States Supreme Court in *Pennsylvania v. Ritchie,* 480 U.S. 39, 52-53, 107 S.Ct. 989, 94 L.Ed.2d 40, 54-55 (1987), which has been followed by the Tenth Circuit, *see United States*

*v. LaVallee*, 439 F.3d 670, 692 (10th Cir. 2006). The result reached by the OCCA on Petitioner's Confrontation Clause claim was, therefore, not contrary to nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court.

With respect to his second, fourth and fifth grounds for relief, Petitioner suggests that the Magistrate Judge erred in treating these claims as arising under state law or applying the wrong standard to determine whether relief was warranted on these claims. He also suggests that prejudicial impact of constitutional errors in state court should be assessed under the *Brecht v. Abrahamson*[1] standard rather than under the *Chapman*[2] harmless error test.

The Magistrate Judge was correct in concluding that habeas relief does not lie for a state law error or violation unless the error or violation results in a deprivation of due process. *See, e.g. Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002). A deprivation or violation of due process occurs only when the state law error or violation rendered the trial fundamentally unfair. *See James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000). Contrary to Petitioner's suggestion, if a state law error renders a trial fundamentally unfair, it is unnecessary to apply any type of harmless error analysis, because the "'substantive prejudice component[ ]' inherent in fundamental-fairness review 'essentially duplicates[s] the function

---

[1] 507 U.S. 619, 113 S.Ct.1710, 123 L.Ed.2d 353 (1993), adopting the standard from *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946) for determining whether a due process violation entitled a petitioner to habeas relief.

[2] *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

of harmless-error review.'" *Spears v. Mullin*, 343 F.3d 1215, 1229 n. 9 (10th Cir. 2003) (quoting *Cargle v. Mullin*, 317 F.3d 1197, 1207 (10th Cir. 2003)).

The Magistrate Judge correctly analyzed Petitioner's alleged violations of state law under the correct due process standard without reference to any harmless error review. Having concluded that none of the alleged state law errors was "so grossly prejudicial that it infected the trial and denied fundamental fairness," Report and Recommendation at p. 12, quoting *Williamson v. Ward*, 110 F.3d 1508, 1522 (10th Cir. 1997), and/or that no state law error occurred (in the case of the jury instructions), the Magistrate implicitly concluded that the result or decision reached by the OCCA as to these alleged errors was not contrary to and did not involve an unreasonable application of federal law as determined by the Supreme Court. The Court agrees.

In accordance with the foregoing, Petitioner's objections to the Report and Recommendation of the Magistrate Judge are without merit. The Report and Recommendation of the Magistrate Judge [Doc. NO. 26] is ADOPTED in its entirety, and the petition of Timothy Kendell Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 28th day of February 2008.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE